SEYFARTH SHAW LLP
Owen Wolfe, Esq.
620 Eighth Avenue
New York, NY  10018
Telephone:  (212) 218-3389
Facsimile:  (212) 218-5526
Email:  owolfe@seyfarth.com

*Attorneys for Merchants Bank of Indiana*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>WA3 PROPERTIES RENTON, LLC,<br><br>                             Debtor. | Chapter 11<br><br>Case No. 25-71121-AST |

**MERCHANTS BANK OF INDIANA'S (I) OBJECTION TO**
**DEBTOR'S MOTION FOR INTERIM ORDER UNDER 11 U.S.C. §§ 105,**
**361 AND 363 AND FED. R. BANKR. P. 4001 AUTHORIZING DEBTOR TO**
**USE CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION TO**
**THE LENDER AND SCHEDULING A FINAL HEARING UNDER BANKRUPTCY**
**<u>RULE 4001(b); AND (II) RESERVATION OF RIGHTS</u>**

Comes Merchants Bank of Indiana ("<u>Merchants</u>"), a creditor secured with an all-asset lien, by and through counsel, and files its *(I) Objection to Debtor's Motion for Interim Order Under 11 U.S.C. §§ 105, 361, and 363 and Fed. R. Bankr. P. 4001 Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection to the Lender and Scheduling a Final Hearing Under Bankruptcy Rule 4001(b); and (II) Reservation of Rights* (the "<u>Objection</u>") related to WA3 Properties Renton, LLC's (the "<u>Debtor</u>") requested use of cash collateral as currently set forth in the *Debtor's Motion for Interim Order Under 11 U.S.C. §§ 105, 361, and 363 and Fed. R. Bankr. P. 4001 Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection to the Lender and Scheduling a Final Hearing Under Bankruptcy Rule 4001(b)* [Dkt. No. 9] (the "<u>Cash Collateral Motion</u>").

## PRELIMINARY STATEMENT

While Merchants intends to work with the Debtor's carve outs on a final basis, it cannot consent to the emergency request of the interim use of its Cash Collateral for the items detailed in the Cash Collateral Motion since Merchants is unaware of any Debtor expense that requires immediate interim payment in order to prevent irreparable harm to the estate. This is seemingly confirmed by the Cash Collateral Motion. Separately, financial and operational information is needed in order to determine what expenses can and should be paid from Merchants' collateral, and Merchants is presently without this information despite requests. Thus, Merchants cannot agree to the proposed interim, and certainly final, use of cash collateral without a court hearing and instead only consents to such use of cash collateral as necessary to avoid "immediate and irreparable harm" as prescribed by Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure – which is seemingly absent at present. Merchants therefore respectfully requests the Court sustain the Objection and limit the Debtor's use of cash collateral to necessary expenses, to the extent they arise, as approved by Merchants.

## OBJECTIONS

The Court must sustain the Objection because the Cash Collateral Motion improperly seeks authorization to pay expenses that are **not** "necessary to avoid immediate and irreparable harm to the estate." Rule 4001(b)(2) provides that:

> *Hearing*. The Court may commence a final hearing on a motion for authorization to use cash collateral no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a preliminary hearing before such 14 day period expires, but **the court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing**.

Fed. R. Bankr. P. 4001(b)(2) (emphasis added). Similarly, Rule 4001-5(f)(ii) of the E.D.N.Y. Local Bankruptcy Rules provides that:

> When a Financing Motion[1] is filed with the Court on or shortly after the date of entry of the order for relief, the Court may grant interim relief on shortened notice **limited to the relief necessary to avoid immediate and irreparable harm to the estate pending the final hearing**. A Financing Motion that seeks entry of an emergency or interim order before a final hearing under Bankruptcy Rule 4001(b)(2) or (c)(2) **shall describe the amount and purpose of funds sought to be used or borrowed on an emergency or interim basis and shall set forth facts to support a finding that immediate or irreparable harm will be caused to the estate if immediate relief is not granted before the final hearing**.

[E.D.N.Y. LBR 4001-5(f)(ii)] (emphasis added).

The Cash Collateral Motion seeks authority to pay expenses that are not necessary to avoid immediate and irreparable harm to the estate, fails to describe the purpose of such funds sought to be used, **and** fails to set forth facts to support a finding that immediate or irreparable harm will be caused to the estate if immediate relief is not granted before a final hearing. The Cash Collateral Motion seeks authority to use Merchants' cash collateral to pay expenses pursuant to a thirteen week budget attached to the Cash Collateral Motion as "Exhibit A" (the "<u>Budget</u>"). Among other things, the Budget seeks authority to use Merchants' cash collateral beginning the week of April 7 to pay $7,500.00 for "Aleks Operational," $60,000.00 for "Litigation Expenses," $10,000.00 for "Accountant Expenses," and $30,000.00 for "Bankruptcy Counsel Expenses." In violation of E.D.N.Y. LBR 4001-5(f)(ii), the Cash Collateral fails to describe the purpose of using this $107,500.00 of Merchants' cash collateral over the next thirteen weeks. The Cash Collateral Motion fails to even describe what "Aleks Operational" is, fails to identify what litigation expenses it requires $60,000 for, fails to identify why it needs to pay $10,000 for accounting in the next thirteen weeks, and fails to describe why it is necessary to pay $30,000 in bankruptcy counsel expenses over the next thirteen weeks.

Furthermore, it strains credulity to imagine any scenario where such uses of cash collateral are "necessary to avoid immediate and irreparable harm to the estate." Although the Debtor fails to

---

[1] The Local Rules define "Financing Motion" to mean "all motions to use cash collateral and to obtain credit pursuant to Bankruptcy Code §§ 363 and 364.

identify any particular litigation in the Cash Collateral Motion, such litigation is presumably stayed pursuant to section 362 of the Bankruptcy Code. It is therefore unclear why the Debtor needs to expend $60,000 on such litigation over the next thirteen counsel weeks. Similarly, it is unclear why the Debtor needs emergency approval to pay $30,000 to bankruptcy counsel over the next thirteen weeks when any such payment to bankruptcy counsel will be subject to a fee application and bankruptcy court approval at a later date – which is noted in the Budget, but it is unclear if payment is nevertheless approved. The amounts and expenses proposed in the Budget are unnecessary and unexplained. The Cash Collateral Motion is therefore improper pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure and E.D.N.Y. LBR 4001-5(f)(ii).

Merchants further objects to the Cash Collateral Motion's proposal for the Debtor's insurance obligations. The Cash Collateral Motion proposes that "[t]he Debtor shall undertake to keep the Collateral fully insured against all loss, peril, and hazard and make the Secured Creditor the additional insured in any such insurance policy maintained by the Debtor as to the Collateral." [Cash Collateral Motion, Dkt. 9, ¶ 24]. It is insufficient for the Debtor to simply "undertake" to insure Merchants' collateral. Instead, Debtor is required to provide and maintain all insurance necessary and appropriate. Merchants also objects on the grounds that the Cash Collateral Motion violates E.D.N.Y. LBR 4001-5(g), which provides:

> If the trustee or debtor in possession will be subject to a budget under a proposed cash collateral or financing order or agreement, the Financing Motion shall include a statement by the Trustee or debtor stating whether it has reason to believe that the budget will be adequate, considering all available assets, to pay all administrative expenses due or accruing during the period covered by the financing or the budget.

[E.D.N.Y. LBR 4001-5(g)]. The Cash Collateral fails to state the Debtor's reason to believe the Budget, considering all available assets, is adequate to pay all administrative expenses.

Merchants further objects to the Cash Collateral Motion because the Debtor moves the Court for jointly administered cases but fails to include in the Cash Collateral Motion the terms to govern

4

such joint liability of the debtors. On March 25, 2025, the Debtor filed the *Debtors' Motion Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure Authorizing the Joint Administration of the Chapter 11 Cases* (the "Joint Administration Motion"). In violation of E.D.N.Y. LBR 4001-5(a)(xiv), however, the Cash Collateral Motion fails to include "terms that govern the joint liability of the debtors, including any provisions that would govern the nature and/or priority, if any, of any interdebtor claims that would result if a debtor were to repay debt incurred by or for the benefit of another debtor." Merchants therefore objects to the Cash Collateral Motion.

In addition to the objections specifically stated herein, Merchants expressly reserves all its rights to object to the relief sought in the Cash Collateral Motion on an interim and/or final basis under any and all applicable law and/or document(s).

## CONCLUSION

Before it is allowed to use Merchants' cash collateral, the Debtor must either obtain consent or prove the use is necessary to prevent irreparable harm. Because it has failed to do so, and those expenses are not present here, the Cash Collateral Motion must be denied.

SEYFARTH SHAW LLP

By: /s/ *Owen R. Wolfe*
    Owen Wolfe, Esq.
    *Attorneys for Merchants Bank of Indiana*
    620 Eighth Avenue
    New York, NY 10018
    Telephone: (212) 218-3389

Dated: New York, New York
       March 27, 2025

## CERTIFICATE OF SERVICE

I hereby certify that on March 27, 2025, a true and correct copy of the foregoing *(I) Objection to Debtor's Motion for Interim Order Under 11 U.S.C. §§ 105, 361, and 363 and Fed. R. Bankr. P. 4001 Authorizing Debtor to Use Cash Collateral and Granting Adequate Protection to the Lender and Scheduling a Final Hearing Under Bankruptcy Rule 4001(b); and (II) Reservation of Rights* was caused to be served by electronic mail via the Court's ECF system on all parties presently appearing in this case.

>/s/ *Owen R. Wolfe*
>Owen R. Wolfe