**Rosen, Tsionis & Pizzo, PLLC**
38 New Street
Huntington, New York 11743
(631) 423-8527
Avrum J. Rosen, Esq.
Alex Tsionis, Esq.

*Attorneys for the Debtor and Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                                    Case No.: 25-71121-ast

     WA3 PROPERTIES RENTON LLC,                        Chapter 11

                              Debtor.
-------------------------------------------------------------X

## DEBTOR'S PLAN OF REORGANIZATION

## INTRODUCTION

       WA3 PROPERTIES RENTON LLC the debtor and debtor in possession (the "<u>Debtor</u>"), proposes this plan of reorganization (the "<u>Plan</u>") pursuant to Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

## OVERVIEW OF THE PLAN

       The Debtor's Plan is a liquidating plan with the centerpiece being the sale of the Debtor's real property together with three (3) other properties owned by affiliates of the Debtor. The real properties commonly known as: a) 80 SW 2nd Street, Renton, WA 98057(the "<u>Renton Property</u>"); b) 4430 Talbot Rd S in Renton, Washington (the "<u>Talbot Property</u>"); c) 5520 Bridgeport Way W, University Place, Washington 98467 (the "<u>University Property</u>"); d) 308 W Emma Street, Union Gap, Washington 98903 (the "<u>Prest Property</u>")  ( collectively referred to as  the "<u>Properties</u>"). The Properties are offered for sale either as a package or individually, with the exception of the Renton and Talbot Properties, which must be sold together, as they are encumbered by a blanket mortgage. Offers to purchase the Properties as a group must include an allocation of the Purchase Price for each Property.

       The Debtor and its affiliate debtors reserve the right to enter into a stalking horse contract with a potential purchaser or purchasers (the "<u>Stalking Horse Bidders</u>"). If such a Bidder  is selected, approval of same shall be obtained from the Bankruptcy Court on shortened notice and all parties that have expressed an interest in the Properties shall be given notice of: (i) purchase price ; (ii) not subject to a mortgage contingency; and (iii) closing will take place within sixty (60) days after Bankruptcy Court approval confirming the sale and the Plan, time being of the essence as to the Successful Bidder (defined in the Bidding Procedures). The mortgagee with respect to

each Property, has a mortgage that is collateralized by the Property and retains the right to credit bid all or part of its mortgage claim pursuant to Section 363(k) of the Bankruptcy Code. The Bidding Terms, which have been stipulated to by the Debtors, Lenders and the Office of the United States Trustee's Office are annexed to the Disclosure Statement as **Exhibit "B".**

It is the Debtor's position that the sale with raise sufficient proceeds to pay all secured, administrative, priority and unsecured claims in full, with interest at the federal judgment rate, with a distribution to equity to be paid to the bankruptcy estates of those entities to be distributed pursuant to their plans of reorganization.

ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN ARE ENCOURAGED TO READ THE PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY BEFORE VOTING TO ACCEPT OR REJECT THE PLAN.

## ARTICLE I

## DEFINITIONS

For purposes of this Plan, and the Disclosure Statement simultaneously filed by the Debtor, the following terms shall have the respective meanings set forth below (such meanings to be equally applicable to the singular and plural forms of the terms defined, unless the context otherwise requires):

**1.01** "Administrative Expense" or "Administrative Claim" means any cost or expense of administration of the Case under section 503(b) of the Bankruptcy Code that is entitled to priority under section 507(a)(2) of the Bankruptcy Code including, without limitation, any actual and necessary costs and expenses of preserving the Estate.

**1.02** "Allowed" means that portion of a Claim or an Equity Interest that: (a) has been timely filed by virtue of a proof of claim or interest with the Bankruptcy Court and is liquidated in an amount and has not been objected to; or (b) has been listed in the Schedules as being neither contingent, unliquidated nor disputed and has not been objected to; or (c) has been allowed by a Final Order of the Bankruptcy Court.

**1.03** "Bankruptcy Code" means Title 11 of the United States Code.

**1.04** "Bankruptcy Court" means the United States Bankruptcy Court for the Eastern District of New York.

**1.05** "Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure, and any amendments or supplements thereto.

**1.06** "Bidding Procedures" means the Court approved bidding procedures for the sale of the Properties.

**1.07** "Case" means the Chapter 11 case of the Debtor now pending in the Bankruptcy Court under case number 25-71121-ast.

**1.08** "Causes of Action" means any and all litigations, actions, suits, claims for relief, accounts, controversies, agreements, promises, rights to legal remedies, rights to equitable remedies, rights to payment, and Claims, whether known or unknown, filed or unfiled, reduced to judgment, not reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured, unsecured, and whether asserted or assertable directly or derivatively, in law, equity or otherwise, whether arising prior to or after the Filing Date.

**1.09** "Chapter 11" means Chapter 11 of the Bankruptcy Code.

**1.10** "Claim" means a claim as defined in section 101(5) of the Bankruptcy Code.

**1.11** "Claimant" means the holder of a Claim.

**1.12** "Class" means a group of Claims consisting of Claims which are substantially similar to each other as classified pursuant to the Plan.

**1.13** "Confirmation Date" means the date upon which the Confirmation Order is entered in the Bankruptcy Court.

**1.14** "Confirmation Hearing" means the hearing to be held by the Bankruptcy Court pursuant to section 1128 of the Bankruptcy Code to consider Confirmation of the Plan.

**1.145** "Confirmation Order" means an order of the Bankruptcy Court confirming the Plan in accordance with the provisions of the Bankruptcy Code (as may be amended, modified or supplemented).

**1.16** "Debtor" means WA3 PROPERTIES RENTON LLC.

**1.17** "Debtor Professionals" means the attorneys, accountants, auctioneers, brokers, managers, consultants, other professionals, agents, investigators, expert witnesses, consultants, and advisors as necessary to discharge the duties of the Debtor under the Plan (each in their capacity as such).

**1.18** "Disclosure Statement" means the Debtor's Disclosure Statement dated May 29, 2025 (as may be amended, modified for supplemented) to accompany the Plan, and all annexes, schedules or exhibits attached thereto or referenced therein.

**1.19** "Disputed Claim" means a Claim or a request for payment of an Administrative Expense, as the case may be, as to which as of the Effective Date: (a) a proof of claim or a request for payment of an Administrative Expense, as the case may be, has been filed with the Bankruptcy Court or deemed filed under applicable law or order of the Bankruptcy Court; and (b) an objection has been or will be timely filed; and (c) such objection has not been: (i) withdrawn, (ii) overruled or denied in whole or part by a Final Order, or (iii) granted in whole or in part by a Final Order.

**1.20**    "<u>Distributions</u>" means the distributions made to Holders of Allowed Claims and Allowed Administrative Expenses pursuant to the Plan.

**1.21**    "<u>Effective Date</u>" means the first business day after the Confirmation Order becomes a Final Order and upon the closing of the Property.

**1.22**    "<u>Entity</u>" has the meaning set forth in section 101(15) of the Bankruptcy Code.

**1.23**    "<u>Equity Interests</u>" means the holders of equity of the Debtor.

**1.24**    "<u>Estate</u>" means the estate of the Debtor created under section 541 of the Bankruptcy Code.

**1.25**    "<u>Exculpated Parties</u>" means the Debtor, the Debtor's Professionals, and all of the estate's fiduciaries.

**1.26**    "<u>Executory Contract</u>" means each agreement, contract or unexpired lease to which the Debtor is a party and which is executory within the meaning of section 365 of the Bankruptcy Code, including any modifications, amendments, addenda or supplements thereto, and any ancillary agreements related thereto.

**1.27**    "<u>Filing Date</u>" means March 24, 2025, the date the Debtor's Chapter 11 Case was commenced.

**1.28**    "<u>Final Order</u>" means an order or judgment of the Bankruptcy Court or other court of competent jurisdiction, as entered on the docket of such court which, not having been reversed, modified, amended, or stayed, and the time for seeking review of which by way of appeal, petition for certiorari, motion for reargument and rehearing or other review having expired, and as to which no appeal, petition for certiorari, motion for reargument and rehearing or other review is pending, has become conclusive of all matters adjudicated thereby and is in full force and effect.

**1.29**    "<u>General Unsecured Claim</u>" means a Claim that is not an Administrative Claim, Priority Tax Claim, Secured Claim or Priority Claim including, without limitation, any Claims based upon the rejection of an Executory Contract during the pendency of the Case, and any deficiency claim.

**1.30**    "<u>Holder</u>" means the legal or beneficial holder of a Claim or Equity Interests (and, when used in conjunction with a Class or type of Claim or Equity Interests, means a holder of a Claim or Equity Interests in such Class or of such type).

**1.31**    "<u>Merchants Bank of Indiana Loan</u>" means the first mortgage loan on the Debtor's Property. The Loan is also cross-collateralized against the real property commonly known as 4430 Talbot Rd S, Renton, Washington 98055, which Talbot owns that real property. The estimated payoff as of March 25, 2025 is the amount of $16,636,532.50.

**1.32**    "Mortgagee" shall mean the Merchants Bank of Indiana.

**1.33**    "Person" has the meaning set forth in section 101(41) of the Bankruptcy Code.

**1.34**    "Prest Properties, LLC" or "Prest" means an affiliate of the Debtor (Case No. 25-71125-ast) that owns the property located at 308 W Emma Street, Union Gap, Washington 98903, which is being sold pursuant to the Bidding Procedures.

**1.35**    "Priority Claim" means a Claim entitled to priority pursuant to section 507(a) of the Bankruptcy Code, other than: (a) an Administrative Claim; or (b) a Priority Tax Claim.

**1.36**    "Priority Tax Claim" means a Claim by a governmental unit that is entitled to priority in payment pursuant to section 507(a)(8) of the Bankruptcy Code.

**1.37**    "Pro Rata" means, with respect to the Holder of an Allowed Claim of a particular Class, the same proportion that the amount of such Allowed Claim bears to the aggregate amount of all Allowed Claims of such Class.

**1.38**    "Property" means the Debtor's real property commonly known as 80 SW 2nd Street, Renton, WA 98057 listed in the Debtor's Schedules [Dkt. No. 1].

**1.39**    "Reorganized Debtor" means the Debtor following the confirmation of the Plan.

**1.40**    "Sale Proceeds" means the amount realized from the sale of the Debtor's Property and the property located at 4430 Talbot Rd S in Renton, Washington which is owned by WA3 Properties Talbot, LLC.

**1.41**    "Schedules" means the Debtor's schedules of assets and liabilities filed on March 24, 2025 pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 and all amendments thereto.

**1.42**    "Secured Claim" means a Claim secured by a valid, perfected and enforceable lien in assets of the Debtor, to the extent of the value of the interest of the holder of such Secured Claim in such assets as determined by the Bankruptcy Court pursuant to section 506(a) of the Bankruptcy Code or acknowledged by the Debtor in writing or provided for in the Plan.

**1.43**    "United States Trustee Fees" means all United States Trustee statutory fees and interest thereon arising under 28 U.S.C. § 1930 and 31 U.S.C. § 3717.

**1.44**    "Upstream Entities" means Goldner Capital Management LLC (Case No. 24-73789-ast), GCM Manager LLC (Case No. 24-73790-ast), GCM PARKSIDE LLC (Case No. 24-73791-ast), GCM UP LLC (Case No. 24-73792-ast), GCM WASH LLC (Case No. 24-73793-ast), LHW MASTER TENANT LLC (Case No. 24-73789-ast), and Missouri MT Holdings LLC (Case No. 24-73795-ast).

**1.45**    "<u>WA3 Properties Talbot LLC</u>" or "<u>Talbot</u>" means an affiliate of the Debtor (Case No. 25-71123-ast) whose property is also being sold pursuant to the Bidding Procedures.

**1.46**    "<u>WA3 Properties Univ LLC</u>" or "<u>Univ</u>" means an affiliate of the Debtor (Case No. 25-71124-ast) whose property is also being sold pursuant to the Bidding Procedures.

## ARTICLE II

## <u>DESIGNATION OF CLASSES</u>

All Holders of Claims and Equity Interests against or in the Debtor, of whatever kind or nature, whether or not scheduled or liquidated, absolute or contingent, whether Allowed or not, shall be bound by the provisions of the Plan and are hereby classified as follows:

**2.01**    **Class 1:**  Class 1 shall consist of the Allowed Secured Claim of Merchants Bank of Indiana.

**2.02**    **<u>Class 2</u>:**  Class 2 shall consist of the Allowed Secured Claim of Legacy United Corp.

**2.03**    **<u>Class 3</u>:**  Class 3 shall consist of the Allowed General Unsecured Claims.

**2.04**    **<u>Class 4</u>:**  Class 4 shall consist of all Allowed Equity Interests.

In accordance with section 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Priority Tax Claims and United States Trustee Fees have not been classified and thus are excluded from the Classes.

## ARTICLE III

## <u>TREATMENT OF CLAIMS AND EQUITY INTERESTS UNDER THE PLAN</u>

**3.01**    **<u>Treatment of Classes under the Sale Plan:</u>**

**<u>Class 1</u>:**        The Plan shall provide for payment of the Allowed Secured Claim of Merchants Bank of Indiana in the amount of approximately $7,889,000.00[1] (exclusive of post petition legal fees, less any interest and principal paid during the bankruptcy case). This distribution will be funded from the Sale Proceeds. The Class 1 Claimant is unimpaired, and is not entitled to vote on the Plan, and is deemed to have accepted the Plan.

**<u>Class 2</u>:**        Class 2 of the Plan consists of the Allowed Secured Claim of Legacy United Corp. in the amount of $263,354.40[2] (exclusive of post-petition interest rate at the statutory rate). This distribution will be funded from the Sale Proceeds. The Class 2 Claimant is unimpaired, is not entitled to vote on the Plan and is deemed to have accepted the Plan.

---

[1] Estimated Payoff through March 25, 2025.
[2] Estimated Payoff through March 25, 2025.

**Class 3:**        Class 3 of the Plan consists of the General Unsecured Claims. In full satisfaction, settlement, release and discharge of such Claims, Class 3 Claimants shall receive a one hundred percent (100%) distribution with interest at the Federal Judgment rate in effect on the Confirmation Date. Class 3 Claimants are unimpaired, are not entitled to vote on the Plan and are deemed to have accepted the Plan.

**Class 4:**        Class 4 Claimants shall, if all senior classes are paid in full with interest, retain their existing pre-petition Equity Interests in the Debtor, effective as of the Effective Date, to be paid to the Upstream Entities according to their respective interests in the Debtor. Class 4 Claimants are unimpaired, are not eligible to vote on the Plan and are deemed to have accepted the Plan.

**3.02    Administrative Claims of the Debtor and the Debtor's Professionals:**  The Allowed Administrative Claims of the Debtor and the Debtor's Professionals are unimpaired and shall be paid in full by the Debtor within 30 days after the Effective Date, or upon the approval of a professional fee application, even if estimates fall below actual awarded amounts, or such later date after approval by the Court after notice and a hearing.

**3.03    Administrative Claims Other than the Debtor and the Debtor's Professionals:** Allowed Administrative Claims (other than Claims of the Debtor and the Debtor's Professionals), to the extent that any such Claims exist, are unimpaired and shall be paid in full by the Debtor within 30 days after the Effective Date.

**3.04    Priority Tax Claims:**  Allowed Priority Tax Claims pursuant to section 507(a)(8) of the Bankruptcy Code, to the extent that any such Claims should exist, are unimpaired and shall be paid in full by the Debtor as required by section 1129(a)(9) with statutory interest.

**3.05    United States Trustee's Fees:** The Claims of the United States Trustee are unimpaired. The Debtor shall pay all accrued United States Trustee Fees, together with any interest and penalties thereon in full from the Effective Date until the Chapter 11 Case is dismissed or converted, or closed by the entry of a final decree, whichever is earlier.

## ARTICLE IV

## MEANS FOR FUNDING AND
## IMPLEMENTATION OF THE PLAN, AND BIDDING PROCEDURES

**4.01    Plan Funding**

The funding of the Plan shall be from (i) the Sale Proceeds; and (ii) the proceeds from any pending litigation.

**4.02    Means for Implementation of the Plan**

The Plan shall be funded by the Sale Proceeds and any pending litigation. The Bidding Procedures are annexed to the Disclosure Statement as **Exhibit "B".** Parties are referred to those terms for a full exposition of the Properties being sold and the sales procedures.

## 1. **Exemption from Transfer Taxes.**

Under Bankruptcy Code § 1146(a): the issuance, distribution, transfer, and exchange of assets or property of the Estate; (b) the execution, assignment, modification, or recording of any lease or sublease; and (c) the execution, delivery, or recording of a deed or other instrument of transfer under, in furtherance of, or in connection with, the Plan, the Confirmation Order, or any transaction contemplated above, or any transactions arising out of, contemplated by, or in any way related to, the foregoing are not subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, or real estate transfer tax, or other similar tax or governmental assessment and the appropriate state or local government officials or agents are directed to forego the collection of any such tax or assessment and to accept for filing or recordation any of the foregoing instruments or other documents without the payment of any such tax or assessment.

## 4.03    **Professional Fee Bar Date**

A date establishing a Professional Fee Bar Date will be included as part of the Confirmation Order, or by separate Order of the Court, which will be served upon all creditors and other parties in interest. Each Person seeking an award by the Bankruptcy Court of Professional Fees must file with the Bankruptcy Court, and serve on the Reorganized Debtor and the United States Trustee's Office, its final application for allowance of compensation for services rendered and reimbursement of expenses incurred through the Effective Date by the Professional Fee Bar Date. Any holder which fails to file a timely request for the payment of a Professional Fee will forever be barred, estopped and enjoined from asserting such Professional Fee against the Debtor and the Reorganized Debtor.

## 4.04    **Administrative Expense Bar Date**

A date establishing an Administrative Expense Bar Date shall be included as part of the Confirmation Order, which shall be served upon all creditors and other parties-in-interest. All requests for payment of Administrative Expenses that accrued on or before the Confirmation Date must be filed with the Bankruptcy Court by the Administrative Expense Bar Date, except for Professional Fee Claims. Any holder of an Administrative Expense which fails to file a timely request for the payment of an Administrative Expense shall forever be barred, estopped and enjoined from asserting such Administrative Expense against the Debtor and Reorganized Debtor. The Debtor may object to the allowance of any Administrative Expense Claim.

## 4.05    **Vesting of Assets**

On the Effective Date, the Property and any other assets of the Debtor shall revest in the Reorganized Debtor.

## ARTICLE V

## EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**5.01    Assumption and Rejection of Executory Contracts and Unexpired Leases**

Except as otherwise provided herein, the Debtor shall file a list of assumed and assigned Executory Contracts and Unexpired Leases in the Plan Supplement which shall then be deemed either assumed and assigned to the Purchaser of the Property, or rejected pursuant to sections 365 and 1123 of the Bankruptcy Code as of the Effective Date, unless any such Executory Contract or Unexpired Lease: (1) was assumed or rejected previously by the Debtor; (2) expired or terminated pursuant to its own terms before the Effective Date; or (3) is the subject of a motion to reject pending on the Confirmation Date. Entry of the Confirmation Order shall constitute a Final Order approving the assumptions or rejections of such Executory Contracts or Unexpired Leases as set forth in the Plan, all pursuant to sections 365(a) and 1123 of the Bankruptcy Code.

All assumed Executory Contracts and Unexpired Leases shall remain in full force and effect for the benefit of the assignee and be enforceable by the assignee in accordance with their terms, notwithstanding any provision in such assumed Executory Contract or Unexpired Lease that prohibits, restricts, or conditions such assumption, assignment, or transfer. Any provision in the assumed Executory Contracts and Unexpired Leases that purports to declare a breach or default based in whole or in part on commencement or continuance of this Chapter 11 Case or any successor cases shall be deemed unenforceable.

## ARTICLE VI

## LIQUIDATION ANALYSIS

**6.01    Liquidation Analysis**

**Liquidation Analysis**

| **ASSETS** | Real Property | $10,000,000.00*Estimated Value | |
|---|---|---|---|
| | | | |
| **LIABILITIES** | Secured Claims | $$7,889,000.00 $263,354.40 | |
| | Broker's commission | $400,000.00 | |

| | General Unsecured Creditors | $Unknown | |
| | Chapter 7 commissions & attorney fees | $450,000. | |
| | Administrative Claims | $175,000.00 | |
| | Transfer Taxes | $380,000.00 | |
| | Total Expenses | $9,557,354.40 | |

As part of the Chapter 11 process, section 1129(a)(7) of the Bankruptcy Code requires that a Bankruptcy Court determine that a Chapter 11 plan provides, with respect to each class, that each holder of a claim or an equity interest in such class either (i) has accepted the plan or (ii) will receive under the plan value that is not less than the amount that such holder would receive if the debtor had liquidated under Chapter 7 of the Bankruptcy Code. In this case, the Debtor's Plan proposes to pay 100% of the claims as it would under a Chapter 7 liquidation. However, under Chapter 7 there are additional Chapter 7 costs such as Chapter 7 Trustee commissions, additional estate professionals, brokers' commissions, real estate taxes and other closing costs. The Debtor assets that creditors will receive under the plan value that is not less than the amount that such holder would receive if the debtor had liquidated under Chapter 7.

## ARTICLE VII

## EFFECT OF CONFIRMATION; DISCHARGE OF CLAIMS; INJUNCTION

### 7.01    Effect of Confirmation; Discharge of Claims; Confirmation Injunction; Release; Exculpation

On the Confirmation Date, the terms of the Plan shall bind all Holders of all Claims against, and Equity Interests in, the Estate, whether or not such Holders accepted the Plan. The rights afforded under the Plan and the treatment of all Claims under the Plan shall be in exchange for a complete satisfaction, release of Claims of any of any nature whatsoever, against the Estate or any of its assets or property except as otherwise provided for herein and in the Plan. Except as otherwise provided herein and in the Plan, on the Confirmation Date, all such Claims against the Estate shall be satisfied, released in full, and all Persons or entities are precluded and enjoined from asserting against the Estate, the Debtor and/or its successors or their assets, any other or further claims based upon any act, omission, transaction or other activity of any kind or nature that occurred before the Confirmation Date.

### 7.02    Preservation of Causes of Action

Except as provided herein, the Estate shall retain any and all claims and Causes of Action belonging to the Debtor and its Estate, whether arising before or after the Filing Date, regardless of whether such claims and Causes of Action arise under the Bankruptcy Code.

The Debtor may but is not required to pursue any and all such Causes of Action. No Entity may rely on the absence of a specific reference in the Plan or in the Disclosure Statement to any Cause of Action against it as any indication that the Debtor will not pursue any and all available Causes of Action against it. Unless any claims and Causes of Action against an Entity are expressly and unambiguously waived, relinquished, exculpated, released, compromised, or settled in the Plan or in a Bankruptcy Court order, the Debtor expressly reserves all Causes of Action, for later prosecution, settlement, or adjudication and no preclusion doctrine, including the doctrines of res judicata, collateral estoppel, issue preclusion, claim preclusion, estoppel (judicial, equitable, or otherwise), or laches, shall apply to such Causes of Action upon, after, or a consequence of entry of the Confirmation Order, occurrence of the Effective Date, or consummation of the Plan.

### 7.03    Confirmation Injunction

Effective on the Effective Date, all Persons who have held, hold or may hold Claims or Equity Interests are enjoined from taking any of the following actions against or affecting the Debtor, the Estate, the Property or any other assets of the Estate with respect to such Claims or Equity Interests, except as otherwise set forth in the Plan and other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order:

    i.    commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind against the Debtor, the Estate, the Property or any other assets of the Estate;

    ii.    enforcing, levying, attaching, collecting or otherwise recovering by any manner or means, directly or indirectly, any judgment, award, decree, or order against the Debtor, the Estate, the Property or any other assets of the Estate;

    iii.    creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the Estate, the Property or any other assets of the Estate;

    iv.    asserting any set-off, right of subrogation or recoupment of any kind, directly or indirectly, against any obligation against the Debtor, the Estate, the Property or any other assets of the Estate; and/ or

    v.    proceeding in any manner in any place whatsoever that does not conform to or comply with the provisions of the Plan.

### 7.04    Release

**Except as otherwise set forth herein, effective as of the Effective Date, Debtor is released from all Claims, Causes of Action, and demands of any nature whatsoever, in law and in equity, that any creditor of the Debtor had, has, or may hereafter have against the Debtor arising prior to the Effective Date. Except as otherwise provided herein and in section 1141 of the Bankruptcy Code, all Persons shall be precluded and enjoined from asserting**

**against the Debtor, their assets or properties, or against any property that is distributed, or is to be distributed under the Plan, any other or further Claim upon any acts or omissions, transactions, or other activity of any kind or nature that occurred prior to the Effective Date.**

**7.05    Exculpation**

**Except as otherwise stated herein, the Exculpated Parties will not have or incur any liability to any Person for any act taken or omission occurring on or after the Filing Date through the Effective Date in connection with this Case, including but not limited to:**

**(a) the commencement and administration of the Case;**

**(b) the formulation, preparation, dissemination, or confirmation of: (i) the Plan (including soliciting acceptances or rejections thereof); and/or (ii) the Disclosure Statement;**

**(c) any Distributions made pursuant to the Plan.**

**Nothing in this section shall: (a) affect the liability of any Exculpated Party that otherwise would result from any act or omission to the extent that the act or omission is determined in a Final Order to have resulted from fraud, willful misconduct, gross negligence, or criminal conduct; or (b) limit liability pursuant to Rule 1.8(h)(1) of the New York Rules of Professional Conduct.**

## ARTICLE VIII

## CLAIM AND DISTRIBUTION MATTERS

**8.01    Allowance of Claims**

All Claims in this Case will be reviewed, and to the extent necessary and appropriate, the Debtor will file objections to certain Claims. The Bankruptcy Court will retain jurisdiction to adjudicate objections to Claims brought by the Debtor, including any settlements or compromises of such Claims. The Debtor reserves all of its rights to object to Claims.

Any creditor who failed to file a proof of claim on or before the General Bar Date and was not listed on the Schedules, or was listed on the Schedules as "disputed," "contingent" or "unliquidated," cannot be treated as a creditor with respect to such Claim for purposes of voting on and receiving a Distribution under the Plan.

**8.02    Time to File Objections to Claims**

Objections to Claims, to the extent not already filed by the Debtor, must be filed and served by the Debtor no later than the one hundred and twentieth (120th) day after the Effective Date (or the next business day if the 120th day is a holiday or weekend day), or within such other extended

time period as may be requested (with such application or motion being made prior to the expiration of the period) by the Debtor and fixed by the Bankruptcy Court.

### 8.03    Reserve for Disputed Claims

The Debtor shall hold in reserve: (a) 100% of any Disputed Claim that is an Administrative Claim or a Priority Claim; and/or (b) the Pro Rata portion of the General Unsecured Claims Reserve of any Disputed Claim that is a General Unsecured Claim until such Claim is resolved by a Final Order or settled. Should the amount reserved by the Debtor on account of the Disputed Claim exceed the amount required to satisfy the Disputed Claim, any excess will be distributed in accordance with the Plan.

### 8.04    Allowance of Disputed Claims

If, on or after the Effective Date, any Disputed Claim becomes an Allowed Claim, the Debtor shall within fifteen (15) days after the later of: (x) the date on which the Claim becomes an Allowed Claim; and (y) when claims in the same Class are paid, or as soon thereafter as is practicable, pay to the Holder of such Allowed Claim the amount that such Holder would have been entitled to receive under the Plan if such Claim had been an Allowed Claim on the Effective Date.

### 8.05    Distribution Cap

Notwithstanding any language to the contrary herein, no Holder of an Allowed Claim shall receive in respect of that Claim any Distribution in excess of the Allowed amount of that Claim.

### 8.06    Undeliverable or Unclaimed Distributions

All Distributions under the Plan to any Holder of an Allowed Claim shall be made at the address of such Holder as set forth in the filed or scheduled Claim unless the Debtor has been notified in writing of a change of address. For a period of ninety (90) days subsequent to any Distributions made under the Plan, Unclaimed Property will be held by the Debtor for the Holders of Allowed Claims which have failed to claim such Distribution, and will be released by the Debtor and delivered to such Holder, without interest, upon presentation and proper proof by such Holder to the Debtor (in the sole and absolute discretion of the Debtor) of its entitlement thereto.

At the end of the ninety (90) days subsequent to any Distributions made under the Plan, all Unclaimed Property will be deposited by the Debtor (as applicable) with the Clerk of the Court, notwithstanding any provision to the contrary in the Plan, or any federal or state escheat laws to the contrary.

### 8.07    Manner of and Minimum Distributions

If a Distribution to be made to a given Holder of an Allowed Claim would be $5.00 or less, notwithstanding any contrary provision of the Plan, the Debtor shall not be required to make such Distribution to such Holder. Any unclaimed or retained Distributions shall be disbursed by the

Debtor pursuant to the terms of the Plan. Distributions may be made by the Debtor by wire, electronic transfer, check or such other method as the Debtor deems appropriate under the circumstances.

**8.08    Rounding to the Nearest Dollar**

Any other provision of the Plan to the contrary notwithstanding, no payments of portions of a Dollar will be made. Whenever any payment of a portion of a Dollar would otherwise be called for, the actual payment shall reflect a rounding of such fraction to the nearest whole Dollar (up or down).

**8.09    Withholding of Taxes**

The Debtor may withhold from any Distribution under the Plan any amount which must be withheld for taxes payable by the Entity entitled to such Distribution to the extent required by applicable law. As a condition to making any Distribution under the Plan, the Debtor may request that the Holder of any Allowed Claim provide such Holder's taxpayer identification number and such other certification as may be deemed necessary to comply with applicable tax reporting and withholding laws.

Notwithstanding any other provision of the Plan, each Entity receiving a Distribution pursuant to the Plan will have the sole and exclusive responsibility for the satisfaction and payment of any tax obligations imposed on it by any governmental unit on account of such Distribution, including income, withholding and other tax obligations.

## ARTICLE IX

## RETENTION OF JURISDICTION

**9.01    Bankruptcy Court Jurisdiction**

Notwithstanding entry of the Confirmation Order, occurrence of the Effective Date, substantial consummation of the Plan, the Case having been closed, or a final decree having been entered, the Bankruptcy Court (or the United States District Court for the Eastern District of New York, as the case may be) shall have and retain exclusive jurisdiction of matters arising out of, and related to the Case and the Plan under, and for the purposes of, sections 105(a), 1127, 1142 and 1144 of the Bankruptcy Code and for, among other things, the following purposes:

(a) to hear and determine all Claims (including Administrative Claims) concerning the classification, allowance or disallowance of any such Claim, if any;

(b) to hear and determine any and all adversary proceedings, Causes of Action, claims of the Estate, applications, and contested matters, whether filed or commenced before or after the Effective Date;

(c) to hear and determine all Claims arising out of any agreement entered into by the Debtor after the Filing Date, if any;

(d) to hear and determine applications for the assumption or rejection of Executory Contracts, if any, and allowance of Claims resulting therefrom;

(e) to hear and determine any settlement and/or compromise pursuant to Bankruptcy Rule 9019 concerning any of the foregoing;

(f) to alter, modify and amend the Plan pursuant to section 1127 of the Bankruptcy Code, or to remedy any defect, cure any omissions or reconcile any inconsistency in the Plan or Confirmation Order as may be necessary or advisable to carry out the purpose and intent of the Plan and to the extent authorized by the Bankruptcy Code or Bankruptcy Rules;

(g) to make such orders *ex parte* or upon application, and to hear and adjudicate any settlements or disputes concerning the provisions of the Plan, or to enforce and/or implement the terms of the Plan;

(h) to hear and determine such other matters as may be provided for in the Confirmation Order of the Bankruptcy Court, and for the purposes set forth in section 1127(b) and section 1142 of the Bankruptcy Code or as contained in Rules 1019 and 3020(d) of the Bankruptcy Rules;

(i) to hear and determine all applications for compensation;

(j) to hear and determine matters concerning local, state and federal taxes in accordance with sections 345, 505 and/or 1146 of the Bankruptcy Code;

(k) to enter a Final Order or decree concluding the Case or an order of substantial consummation;

(l) to hear and determine that distributions are accomplished as provided in the Plan; and/or

(m) to determine other matters contained in the Confirmation Order or Plan or that is authorized under the provisions of the Bankruptcy Code.

## ARTICLE X

## **GENERAL PROVISIONS**

### 10.01    Headings

The headings used in the Plan are inserted for convenience or reference only and neither constitute a portion of the Plan nor in any manner affect the provisions or interpretations of the Plan.

### 10.02    Interpretation; Application of Definitions; Rules of Construction

Unless otherwise specified, all section or exhibit references in the Plan are to the respective section in, or exhibit to, the Plan, as the same may be amended, waived or modified from time to time. The words "herein," "hereof," "hereto," "hereunder," and other words of similar import refer to the Plan as a whole and not to any particular section, subsection or clause contained therein. The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions hereof. For purposes herein: (a) in the appropriate context, each term, whether stated in the singular or the plural, shall include both the singular and the plural, and pronouns stated in the masculine, feminine, or neuter gender shall include the masculine, feminine, and the neuter gender; (b) any reference herein to a contract, lease, instrument, release, indenture, or other agreement or document being in a particular form or on particular terms and conditions means that the referenced document shall be substantially in that form or substantially on those terms and conditions; (c) unless otherwise specified, all references herein to "Sections" are references to Sections hereof or hereto; (d) the rules of construction set forth in section 102 of the Bankruptcy Code shall apply; and (e) any term used in capitalized form herein that is not otherwise defined but that is used in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy Rules, as the case may be.

### 10.03    Controlling Documents

In the event and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, the provisions of the Plan shall control and take precedence.

The provisions of the Plan and of the Confirmation Order shall be construed in a manner consistent with each other so as to effect the purposes of each; provided that, if there is determined to be any inconsistency between any Plan provision and any provision of the Confirmation Order that cannot be so reconciled, then, solely to the extent of such inconsistency, the provisions of the Confirmation Order shall govern and any such provision of the Confirmation Order shall be deemed a modification of the Plan and shall control and take precedence.

### 10.04    Section 1125(e) of the Bankruptcy Code

Confirmation of the Plan will constitute a finding that the Debtor (and the Debtor's Professionals, and all of the estate's fiduciaries) have proposed and solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code.

### 10.05   **Successors and Assigns**

The rights and obligations of any Entity named or referred to in the Plan will be binding upon, and shall inure to the benefit of, the successors and assigns of such Entity.

### 10.06   **Notices**

Notices will be deemed given when received. All notices, requests or demands described in or required to be made in accordance with the Plan must be in writing and must be delivered personally or by registered or certified mail, return receipt requested, to:

<u>If to the Debtor, then to:</u>

WA3 Properties Renton LLC
20 E Sunrise Hwy
Valley Stream, NY 11581
Attn: Samuel Goldner

-and-

Rosen, Tsionis & Pizzo, PLLC
38 New Street
Huntington, New York 11743
Attn: Avrum J. Rosen, Esq.
Telephone: (631) 423-8527

### 10.07   **Change of Address**

The Debtor may change the address at which it is to receive notices under the Plan by sending written notice pursuant to the provisions of this Article to the person to be charged with the knowledge of such change.

### 10.08   **Post Confirmation Reporting**

The Debtor will continue to file Monthly Operating Reports up through the Effective Date. Commencing on the Effective Date and continuing up through an including the entry of the Final Decree closing the case, the conversion of the case to another chapter or the dismissal of the case (the "Post-Confirmation Period"), in accordance with 28 U.S.C. § 589b during the Post-Confirmation Period, Debtor shall file all Post-Confirmation Period Reports (UST Form 11-PCR); and as required under 28 U.S.C. 1930(a)(6), remit all quarterly fees and, if applicable, any interest which come due, to the Office of the United States Trustee in accordance with the Bankruptcy Rules and the Rules of the Office of the United States Trustee.

### 10.09  Notice of Entry of Confirmation Order

Notice of Entry of the Confirmation Order shall be sufficient if a copy of a notice indicating that said order has been entered by the Bankruptcy Court, without attaching said order, is mailed or emailed to those Persons who had filed a notice of appearance and request for service of process in the Case and to Persons who file a new notice of appearance and demand for service of process dated subsequent to the Confirmation Date.

### 10.10  Effectuating Documents and Further Transactions

The Debtor shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements and take such other actions as may be necessary or desirable to effectuate and further evidence the terms and conditions of the Plan. All Holders of Claims or Equity Interests, including those receiving Distributions under the Plan, shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan.

### 10.11  Governing Law

Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of New York.

### 10.12  Severability

In the event that the Bankruptcy Court determines, prior to the Confirmation Date, that any provision of the Plan is invalid, void or unenforceable, the Bankruptcy Court shall, with the consent of the Debtor, have the power to alter and interpret such term or provision to make it valid or enforceable to the maximum extent practicable, consistent with the original purpose of the term or provision held to be invalid, void or unenforceable, and such term or provision shall then be applicable as altered or interpreted. Notwithstanding any such holding, alteration or interpretation, the remainder of the terms and provisions of the Plan shall remain in full force and effect and shall in no way be affected, impaired or invalidated by such holding, alteration or interpretation. The Confirmation Order shall constitute a judicial determination and shall provide that each term and provision of the Plan, as it may have been altered or interpreted in accordance with the foregoing, is valid and enforceable pursuant to its terms.

### 10.13  No Admissions

Notwithstanding anything herein to the contrary, nothing contained in the Plan shall be deemed an admission by the Debtor with respect to any matter set forth herein, including, without limitation, liability on any Claim or the propriety of a Claim's classification.

### 10.14    **Entire Agreement**

Except as otherwise indicated, the Plan and the Confirmation Order supersede all previous and contemporaneous negotiations, promises, covenants, agreements, understandings and representations on such subjects, all of which have become merged and integrated into the Plan.

### 10.15    **Binding Effect of Plan**

Upon the Effective Date, all of the provisions of the Plan shall be binding on the Debtor, on all Holders of Claims, and on all other Entities who are affected (or whose interests are affected) in any manner by the Plan.

### 10.16    **References**

Unless otherwise specified, all references in the Plan to sections and Articles are to sections and Articles of the Plan.

### 10.17    **Risk Factor**

In the event the Property is sold at auction for less than approximately $10,000,000.00 the Plan may not have sufficient funds to pay all claims in full. The Debtor and interested parties are without knowledge of what the Property will sell for at auction.

## ARTICLE XI

## AMENDMENTS, MODIFICATIONS AND REVOCATION

### 11.01    **Amendment and Modification of Plan**

The Debtor reserves the right, in accordance with section 1127 of the Bankruptcy Code, to amend or modify the Plan provided the Bankruptcy Court approves such modification, if required.

*[Remainder of Page Intentionally Left Blank]*

### 11.02 <u>Revocation and Withdrawal Prior to Confirmation</u>

The Debtor may withdraw or revoke the Plan prior to the Confirmation Date. If such a withdrawal or revocation occurs, or if Confirmation does not occur, the Plan will be null and void. In such event, nothing contained in the Plan will constitute a waiver or release of any Claim by or against the Debtor or any other person or to prejudice in any manner the rights of the Debtor or any other person in any further proceedings involving the Debtor.

Dated: May 29, 2025
      Huntington, New York

**Rosen, Tsionis & Pizzo, PLLC**

By:     */s/ Avrum J. Rosen*
        Avrum J. Rosen, Esq.
        Alex Tsionis, Esq.
        38 New Street
        Huntington, New York 11743
        Tel: (631) 423-8527
        atsionis@ajrlawny.com
        arosen@ajrlawny.com

        *Counsel to Debtor and*
        *Debtor in Possession*

**WA3 PROPERTIES RENTON LLC**

Dated: May 29, 2025
      Valley Stream, New York

By:     */s/ Samuel Goldner*
        Samuel Goldner, Manager