**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

In re:                                                                    Case No.: 25-71121-ast

    WA3 PROPERTIES RENTON LLC, et al          Chapter 11
                                                                      (Jointly Administered)

                    Debtor.
-------------------------------------------------------------X

In re:                                                                    Case No.: 25-71125-ast

    PREST PROPERTIES LLC,                               Chapter 11

                    Debtor.
-------------------------------------------------------------X

**ORDER GRANTING DEBTORS' JOINT MOTION SEEKING ENTRY OF AN ORDER UNDER BANKRUPTCY CODE SECTIONS 363(a), (b), (f) AND (m) AND BANKRUPTCY RULES 2002, 6004 AND 9004: (I) AUTHORIZING DEBTORS TO SELL TO THE HIGHEST AND BEST BIDDER OR BIDDERS AT AN AUCTION SALE THE ESTATES' INTEREST IN THE REAL PROPERTIES KNOWN AS, A) 80 SW 2ND STREET, RENTON, WASHINGTON 98057 (THE "RENTON PROPERTY"); B) 4430 TALBOT RD S IN RENTON, WASHINGTON 98055 (THE "TALBOT PROPERTY"); C) 5520 BRIDGEPORT WAY W, UNIVERSITY PLACE, WASHINGTON 98467 (THE "UNIVERSITY PROPERTY"); D) 308 W EMMA STREET, UNION GAP, WASHINGTON 98903 ("THE "PREST PROPERTY") (COLLECTIVELY THE "PROPERTIES")); (II) SCHEDULING A HEARING TO APPROVE SUCH SALE TO THE HIGHEST AND BEST BIDDER; (III) APPROVING THE MANNER AND EXTENT OF NOTICE OF SUCH AUCTION HEARING**

UPON the joint motion (the "Motion") of WA3 PROPERTIES RENTON LLC, WA3 PROPERTIES TALBOT LLC AND WA3 PROPERTIES UNIV LLC, on the one hand as procedurally consolidated debtors and debtors in possession ("Renton") and PREST PROPERTIES LLC, debtor and debtor in possession ("Prest", together "Debtors"), seeking the entry of an order under sections 363(a), (b), (f) and (m) of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule"): (i) authorizing the sale of the real properties commonly known as (a) 80 SW 2nd Street, Renton, Washington 98057 (the "Renton Property"); b)  4430 Talbot Rd S in

Renton, Washington 98055 (the "Talbot Property"); c) 5520 Bridgeport Way W, University Place, Washington 98467 (the "University Property"); d) 308 W Emma Street, Union Gap, Washington 98903 ("the "Prest Property") (collectively, the "Properties") to the highest and or best offer or offers received at an auction, or via the Stalking Horse Bidder[1] if Qualified Bids are not received, free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests to attach to the proceeds of the sale for good and valuable consideration, substantially in accordance with the terms and conditions set forth herein to the bidder or bidders with the highest and or best offer to be considered and approved by the Court at said hearing; (ii) approving the terms and conditions for submitting offers and bidding procedures; (iii) approving the form and manner of notice with respect to the auction hearing (the "Sale Hearing"); and (iv) granting such other and further relief as this Court deems just and proper under the circumstances; and the Motion having come on for a hearing before the Court on June 25, 2025; and there being no opposition to the relief sought or said opposition having been withdrawn or otherwise overruled; and the Debtors having appeared before the Court, by and through their counsel, Alex Tsionis of Rosen, Tsionis & Pizzo, PLLC at the hearing; and the Court, having considered the Motion and having determined that the Motion should be granted; it is hereby

**ORDERED**, that the Debtors are authorized to sell their estates' interests in the Properties free and clear of all Liens with such Liens to attach to the proceeds of sale with the same validity and with the same priority that existed prior to the sale, pursuant to sections 363(a), (b), (f) and (m) of the Bankruptcy Code at public auction; and it is further

**ORDERED**, that the Debtors are hereby authorized and empowered to take those steps necessary to sell the Properties as described herein, to the highest and/or best bidder or bidders

---

[1] Terms not herein defined shall take the meaning assigned in the Bidding Procedures [Docket Nos. 42-3 and 66-1].

free and clear of all Liens with such Liens to attach to the proceeds of sale with the same validity and in the same priority that existed prior to the sale; and it is further

**ORDERED**, that Debtors shall cause the auction to be advertised on: (i) the website of Blueprint; and (ii) a publication or publications as chosen by Blueprint in consultation with the Debtors; and it is further

**ORDERED**, that the bidding procedures (the "Bidding Procedures") as set forth in Exhibit "A", if not previously approved by a "So Ordered" Stipulation are hereby approved;

**AND IT IS FURTHER ORDERED**, that, pursuant to the Bidding Procedures, Debtors' counsel shall conduct an auction sale on **July 31, 2025 at 2:00 p.m. (prevailing Eastern Time)** by videoconference using the Zoom platform or other comparable videoconference platform with bidders to be advised by e-mail as to how they may access the videoconference; and it is further

**ORDERED**, that the Court will hold a hearing on **August 6, 2025 at 1:30 p.m.** before the Honorable Alan S. Trust to determine whether to approve the sale of the Properties to the Successful Bidder or Bidders; and it is further

**ORDERED**, that the August 6, 2025 hearing shall be held in person. Those parties wishing to appear at the hearing shall register using eCourt Appearances. To register, please provide your name, address, e-mail address, telephone number on the hearing date, and if appropriate, the party that you represent. Please be sure to register at least one business day before your hearing. A party-in-interest may request to appear by Webex if they: (a) are not a movant or respondent on the motion being heard; (b) simply to wish to monitor the status conference or motion being heard; or (c) believe that appearing in person will be substantially inconvenient or cause them or their client to incur unnecessary costs or expense. Any person seeking to appear via Webex in a chapter 11 case (other than a Subchapter V case) must request permission from the courtroom deputy by email

Case 8-25-71121-ast    Doc 82    Filed 07/01/25    Entered 07/01/25 14:53:34

at ast_hearings@nyeb.uscourts.gov at least five (5) business prior to the hearing. Any such request must be copied to the Debtor(s), the United States Trustee, any committee appointed in the case, and any movant or respondent if related to a specific motion being heard. If you do not obtain permission to appear via Zoom at least 48 hours prior to the hearing, you will be required to appear in person.

**AND IT IS FURTHER ORDERED**, that, notwithstanding anything in this Order or the Motion to the contrary, all Liens shall, to the extent of their validity and in their order of priority, attach to the net proceeds of the auction sale, and such Liens shall remain on the Properties until the Closing Date; and it is further

**ORDERED**, that, on the Closing Date, Debtors shall pay (or direct payment of) all Liens on the Properties, including real property taxes, water and sewer charges and other related charges, including, without limitation, Tax Liens, and the Lenders' claims in full (and payoffs as of the Closing Date shall be requested and obtained ahead of the Closing Date), including, without limitation, all accrued post petition interest, fees and other applicable charges, provided, however, that if the Successful Bidder is a Lender and elects to credit bid any portion of the purchase price, such Successful Bidder shall pay the Tax Liens in full, including, without limitation, all accrued post petition interest, fees and other applicable charges, in cash on the Closing Date; and it is further

**ORDERED**, that, within ten (10) business days of the Closing Date, Debtors shall pay, or direct payment of, all closing costs, statutory closing costs, remaining taxes, remaining liens, and any other costs and fees necessary to transfer title; and it is further

**ORDERED**, that any government office, is hereby directed to accept from the successful bidder, all documents required to record the transfer of the Properties; and it is further

**ORDERED**, that Debtors are hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order; and it is further

**ORDERED**, that Debtors shall serve a copy of this Order by regular mail, or if not available, by electronic mail, upon all creditors, any party having filed a notice of appearance and demand for service in this case, parties in interest and any party that has expressed an interest in the Properties, by not later than five (5) days after the date of entry of this Order, and shall file an affidavit of service attesting to service of the Order; and it is further

**ORDERED**, that the Court may retain jurisdiction to resolve any disputes arising or related to this Order and to interpret, implement and enforce the provisions of this Order.



Dated: July 1, 2025  
Central Islip, New York

_____  
Alan S. Trust  
Chief United States Bankruptcy Judge